IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DUJUAN THOMPSON ) | |
| ) | |
| v. ) | NO. 3:08-0307 |
| ) | |
| DAVIDSON TRANSIT ORGANIZATION, ) | |
| METROPOLITAN TRANSIT AUTHORITY, ) | |
| AMALGAMATED TRANSIT UNION, LOCAL ) | |
| 1235, DAWN Distler, AND ) | |
| LARRY PATTON ) | |

TO:   Honorable Aleta A. Trauger, District Judge

## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered March 25, 2008 (Docket Entry No. 3), the Court referred the above captioned action to the Magistrate Judge for frivolity review under 28 U.S.C. § 1915(e)(2)(B) and for further proceedings under 28 U.S.C. §§ 636(b)(A) and (B) and Rule 72(b) of the Federal Rules of Civil Procedure.

The plaintiff, a resident of Nashville, Tennessee, is an African-American male who worked as a bus driver for Davidson Transit Organization ("DTO") until he was terminated from employment in February 2007. He filed this action pro se and in forma pauperis on March 17, 2008, against DTO, the Metropolitan Transit Authority ("MTA"), the Amalgamated Transit Union ("ATU"), Local Union 1235 ("LU 1235"), Dawn Distler, the operations manager for DTO, and Larry Patton, the president of LU 1235.

Defendant MTA is a publically chartered metropolitan transit service provider for Davidson County, Tennessee. Defendant DTO is a private, nonprofit corporation responsible for the employment of all personnel employed in the provision of public transit services in Davidson County, Tennessee. Defendant ATU is a labor organization, and Defendant LU 1235 is a chapter of ATU. At all times material to this action, a collective bargaining agreement ("CBA") was in

place between DTO and LU 1235, which, along with the ATU and LU 1235 constitutions, set forth the standard of care for the union to use in its dealings in matters concerning labor relations and its members, including the plaintiff. The plaintiff asserts that, at all times relevant to this action, he was a member in good standing of LU 1235.

The pro se complaint filed by the plaintiff is substantially similar in all respects to complaints filed in four other cases brought against DTO, MTA, ATU, LU 1235, and various officials of those entities.[1] However, unlike the complaints filed in those actions, in which the respective plaintiffs are represented by counsel, the pro se complaint in the instant action does not contain any specific factual allegations pertaining to the plaintiff but merely sets out general allegations and lists twenty-nine (29) causes of action. See Docket Entry No. 1. On November 18, 2008, retained counsel entered an appearance on behalf of the plaintiff and simultaneously filed a first amended complaint (Docket Entry No. 5), which the Court construes as completely supplanting the original complaint.[2]

The plaintiff contends that he suffered disparate treatment because of his race during his employment with DTO. He alleges that, on January 17, 2007, he was indefinitely suspended from employment without pay after a pedestrian was struck by a bus he was driving on January 15, 2007. The plaintiff met with officials from DTO after the suspension and, on January 22, 2007, Defendant Distler issued a letter finding that the plaintiff was at fault in six areas concerning the accident. The plaintiff submitted a formal denial to the letter, but his employment was terminated effective February 20, 2007. He alleges that white bus drivers have not been fired by the DTO and MTA for similar or more egregious incidents.

The plaintiff contends that he subsequently filed a grievance with the LU 1235 challenging his termination and also sought to withdraw a portion of his pension benefits to cover his lost

---

[1] Smith v. Davidson Transit Organization, et al., No. 3:08-0271; Johnson v. Davidson Transit Organization, et al., No. 3:08-0272; Allen v. Davidson Transit Organization, et al., No. 3:08-0273; Perkins v. Davidson Transit Organization, et al., No. 3:08-0289. The Court shall collectively refer to these four cases as the "DTO Cases."

[2] The plaintiff has another case pending in the Middle District regarding his employment at DTO, Thompson v. Davidson Transit Organization, No. 3:07-0221.

2

income, but that Defendant Patton demanded that he withdraw the grievance and also refused to authorize the withdrawal of pension benefits unless the plaintiff resigned from the LU 1235.

Based upon these allegations, the plaintiff sets out a total of twenty-eight (28) claims against the defendants in the amended complaint. The plaintiff claims that Defendants DTO and MTA violated the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), 42 U.S.C. § 1983, the Tennessee Human Rights Act, T.C.A. §§ 4-21-101 et seq. ("THRA"), the Tennessee Public Protection Act, T.C.A. § 50-1-304, ("Whistleblower Act"), engaged in common law retaliatory discharge, acted negligently, and negligently inflicted emotional distress on him.[3] The plaintiff claims that Defendants ATU and LU 1235 acted negligently toward him, were unjustly enriched, breached the CBA, and violated the Tennessee Consumer Protection Act ("TCPA"). Finally, the plaintiff alleges that Defendants Distler and Patton acted negligently toward him and negligently inflicted emotional distress on him and that Defendant Distler violated 42 U.S.C. § 1983.

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint brought by a plaintiff proceeding in forma pauperis "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. Id. at 327-28; Brown v. Bargery, 207 F.3d 863, 866 (6th Cir. 2000); Lawler v. Marshall, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Furthermore, the basic pleading rules apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990). More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. Id. Although a complaint need not plead "detailed factual allegations," those allegations "must be enough to raise a right to relief above the speculative level."

---

[3] The claim that MTA negligently inflicted emotional distress on the plaintiff is set out by the plaintiff as three separate claims (##s 16-18). See Amended Complaint, at 26-29. However, each claim is exactly the same.

3

Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citing Twombly, 127 S.Ct. at 1965).

After review of the plaintiff's amended complaint in light of these principles and in accordance with 28 U.S.C. § 1915(e)(2)(B), the Court makes the following recommendations.

ATU and LU 1235

All of the plaintiff's claims alleged against ATU and LU 1235 should be dismissed. The plaintiff alleges that ATU and LU 1235 acted negligently (claims ## 11-12), were unjustly enriched (claims ## 21-22), breached the CBA (claims ## 23-24), and violated the TCPA (claims ## 25-26). By Memoranda and Orders entered October 23, 2008, in the DTO Cases, the Court dismissed these exact causes of action brought against ATU and LU 1235 as either pre-empted or failing to raise the plaintiff's right to relief above the "speculative" level, as Twombly requires. See attached Memoranda and Orders in DTO Cases. The claims raised by the instant plaintiff do not differ in any substantive manner from those asserted against ATU and LU 1235 in the DTO Cases and are essentially carbon copies of the dismissed claims in the DTO Cases. The analysis requiring dismissal of the claims in the DTO Cases applies equally to the claims in the instant action and likewise warrants dismissal of the instant plaintiff's claims against ATU and LU 1235.

Patton

The plaintiff's claims against Defendant Patton for negligence (claim #14) and negligent infliction of emotional distress (claim #20) should be dismissed. The only factual basis set out in the amended complaint for the claims against Defendant Patton are actions he is alleged to have taken as the LU 1235 president. See Amended Complaint, at ¶¶ 39-40. As set out in the Memoranda and Orders dismissing similar claims in the DTO Cases, these claims are barred by

4

Supreme Court precedent that makes it clear that such claims would only be sustainable as section 301 claims against the union itself, not against union members in their individual capacities. Atkinson v. Sinclair Refining Co., 370 U.S. 238, 248-49 (1962); Banks v. Alexander, 2008 WL 4297224 (6th Cir. Sept. 19, 2008 (rejecting the plaintiff's attempt to sue individual union members for claims that should have been filed under section 301). See Attached Memoranda and Orders.

MTA

Three of the seven claims set out in the amended complaint against MTA, specifically, the Title VII claim (claim #2), the THRA claim (claim #6), and the claim for retaliatory discharge (claim # 8), are premised on the allegation that MTA was an employer of the plaintiff and/or that MTA and DTO were in some manner the dual employers of the plaintiff. See Amended Complaint, at ¶¶ 53-54, 96, and 110. These three claims are essentially the same as claims against MTA which were dismissed in the DTO Cases because the plaintiffs in those cases failed to set forth facts supporting their conclusory allegations that MTA was an employer and because the relevant case precedent on the issue likewise failed to support a claim that MTA was an employer of the plaintiffs. The allegations pled by the plaintiff in the instant action do not differ in any significant way from the pleadings of the plaintiffs in the DTO Cases regarding the issue of MTA as an employer. The analysis of the Court in the DTO Cases applies equally to the Title VII, THRA, and retaliatory discharge claims brought against MTA in the instant action and likewise warrants dismissal of these claims.

The instant plaintiff also sets out claims against the MTA based on negligence (claim #10), negligent infliction of emotional distress (claims ##16-18), and violations of Section 1983 (claim #4) and the Whistleblower Act (claim #28). These claims are premised upon the assertion that MTA owed a duty to the plaintiff arising out of the CBA and/or arising as an employer of the plaintiff. See Amended Complaint, at ¶¶ 124-126 and 170-172. However, the plaintiff alleges that the CBA existed only between DTO and ATU/LU 1235. Id. at ¶¶ 15-16. Given this allegation and the

Court's analysis and determination that MTA was not an employer of DTO bus drivers, the claims against MTA for negligence and negligent infliction of emotional distress also warrant dismissal for failure to state a claim. Similarly, given that the plaintiff's claims against MTA based upon Section 1983 (claim # 4) and the Whistleblower Act (claim #28) are premised upon the plaintiff's assertion that MTA was his employer and took wrongful employment actions against him, including wrongfully discharging him, see Amended Complaint, at ¶¶ 74-80 and 251, these claims should also be dismissed based on the Court's analysis and determination that MTA was not an employer of DTO bus drivers.

DTO and Distler

The plaintiff asserts that Defendant DTO violated Title VII (claim #1), 42 U.S.C. § 1983 (claim #3), the THRA (claim #5), and the Whistleblower Act (claim #27), engaged in common law retaliatory discharge (claim #7), acted negligently (claim #9), and negligently inflicted emotional distress on him (claim #15). The plaintiff asserts claims against Defendant Distler under 42 U.S.C. § 1983 (claim #3), negligence (claim #13), and for negligent infliction of emotional distress (claim #19).

For the purposes of frivolity review under 28 U.S.C. § 1915(e)(2)(B), the Court finds the plaintiff's allegations are sufficient to state arguable claims and warrant the issuance of process to DTO and Distler.

# R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully RECOMMENDS that:

1) process issue to Defendants Davidson Transit Organization and Dawn Distler on the claims alleged against them by the plaintiff in his Amended Complaint; and

2) all other claims alleged by the plaintiff be DISMISSED under 28 U.S.C. § 1915(e)(2)(B) and that Defendants Metropolitan Transit Authority, the Amalgamated Transit Union, Local Union 1235, and Larry Patton be DISMISSED from the action.

Because some of the plaintiff's claims warrant dismissal under 28 U.S.C. § 1915(e)(2), the Court RECOMMENDS that any appeal taken of this Report and Recommendation, if adopted by the Court, would not be in good faith under 28 U.S.C. § 1915(a)(3).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

    _____
    JULIET GRIFFIN
    United States Magistrate Judge